OPINION
Defendant-appellant, Rusty E. Mootispaw, appeals a Fayette County Court of Common Pleas judgment entry denying his petition for postconviction relief. The trial court's decision is affirmed.
On May 22, 1981, appellant was indicted on one count each of aggravated burglary, complicity to commit aggravated burglary, and aggravated murder. Appellant pled guilty to an amended indictment charging one count of murder and an entry of judgment was filed on September 25, 1981. Appellant was sentenced to an indefinite prison term of fifteen years to life. Subsequently, appellant filed four petitions for postconviction relief, each alleging, inter alia, ineffective assistance of counsel. This appeal is taken from a judgment entry denying appellant's fourth petition for postconviction relief.
In his first assignment of error, appellant claims that the trial court erred by denying his motion for postconviction relief without conducting a hearing and without issuing findings of fact.
In his second assignment of error, appellant argues that his conviction should be vacated because he suffered from ineffective assistance of counsel. Specifically, appellant insists that his court-appointed counsel did not meet the requirements of C.P.Sup.R. 65.[1] C.P.Sup.R. 65 provides that in order to represent an indigent defendant charged with an offense for which the death penalty may be imposed, an attorney appointed by the court must be certified as experienced in capital cases. C.P.Sup.R.65(II)(B); State v. Keith (1997), 79 Ohio St.3d 514, 534.
Appellant's petition was his fourth petition for postconviction relief. A court's consideration of successive petitions for postconviction relief is limited. R.C. 2953.23(A) states the following:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *. (Emphasis added.)
Appellant's petition for postconviction relief fails to satisfy R.C.2953.23(A). The petition does not show that appellant was unavoidably prevented from discovery of the facts upon which he had to rely to present his claim for relief. Nor does appellant argue that his petition is based upon a new federal or state right that has been recognized by the United States Supreme Court. Therefore, appellant has failed to demonstrate that the trial court should have entertained his petition for postconviction relief.
We also note that contrary to appellant's assertions, the trial court was not required to make findings of fact and conclusions of law on appellant's fourth petition for postconviction relief. See State ex rel.Reese v. Lisotto (2000), 90 Ohio St.3d 77, 78.
We find that the trial court's dismissal of appellant's petition for postconviction relief was proper. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] C.P.Sup.R. 65, which was in effect at the time of appellant's guilty plea and conviction, has been replaced by Sup.R. 20, which is substantively identical.